IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES DIMITRI DAVENPORT, | ) | |
| | ) | |
|     Petitioner, | ) | Civil No. 07-95-AA |
| | ) | OPINION AND ORDER |
|   vs. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| | ) | |
|     Respondent. | ) | |

Samuel C. Kauffman
Garvey Schubert Barer
121 SW Morrison Street
Portland, Oregon 97204
    Attorney for petitioner

John Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096
    Attorneys for respondent

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Petitioner brings this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2002 conviction for murder on the grounds that petitioner received ineffective assistance of trial counsel, denial of due process of law, and a miscarriage of justice. The petition is denied and this case is dismissed.

## BACKGROUND

Petitioner was charged on August 21, 2001, in Linn County, Oregon with the intentional murder of Larry Volk and intentional attempted murder of James Johnson.

On March 7, 2002, petitioner entered a guilty plea to the murder charge. In exchange for his plea, the state dismissed the attempted murder charge. On April 10, 2002, the court sentenced petitioner to a 300-month term of imprisonment for the murder conviction.

Petitioner did not directly appeal his conviction, however he ultimately filed a petition for Post-Conviction Relief (PCR) and an amended petition for PCR. Davenport v. Belleque, Marion County Circuit Court Case No. 03C-20148. He alleged four claims for relief regarding ineffective assistance of his trial counsel. The PCR court denied relief finding that petitioner had failed to meet his burden of proof on his state and federal ineffective

Page 2 - OPINION AND ORDER

assistance of trial counsel claims. Petitioner appealed the PCR court judgment to the Oregon Court of Appeals. Davenport v. Hill, 207 Or. App. 767, 143 P.3d 570 (2006). In petitioner's brief to the appellate court he raised two new assignments of error. The first was a due process claim and the second a miscarriage of justice claim. The Oregon Court of Appeals affirmed the PCR court's judgment without opinion. The Oregon Supreme Court denied review. Davenport v. Hill, 342 Or. 116, 149 P.3d 138 (2006).

Respondent argues petitioner's claims lack merit, most are procedurally defaulted, and the state court decisions denying relief are entitled to deference.

## DISCUSSION

### A. Due Process and Miscarriage of Justice Claims

Respondent argues petitioner's due process claim is procedurally defaulted for failure to raise it on direct appeal to the PCR court.

Before a petitioner may seek federal habeas corpus relief, he must first exhaust available state court remedies. 28 U.S.C. 2254(d); Baldwin v. Reese, 541 U.S. 27, 29 (2004). The exhaustion requirement is intended to give state courts the first "'opportunity to pass upon and correct' alleged violations of its

prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam) (internal quotation omitted).

To ensure that the state court has a "full and fair opportunity" to resolve federal constitutional claims, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If the petitioner fails to comply with an independent and adequate procedural rule in the process of presenting his claims to the state court, those claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 727, 750 (1991). Claims are also considered defaulted if a petitioner failed to present a claim to the state courts at each stage, but can no longer do so. O'Sullivan, 526 U.S. at 848.

Oregon post-conviction procedure requires that "all grounds for relief claimed by petitioner . . . must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived . . . ." Or. Rev. Stat. 138.550(3) (2007). There is an exception, however, if the grounds for relief "could not reasonably have been raised in the original or amended petition." Id. The procedural default bars federal habeas review unless petitioner can demonstrate either cause for default and actual prejudice as a result of the alleged violation of federal law, or

Page 4 - OPINION AND ORDER

that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

I find that petitioner has waived both his denial of due process and miscarriage of justice claims by failing to assert them in his amended petition to the PCR court, when he reasonably could have done so. Additionally, I find petitioner did not present these claims in a procedural context in which the merits of the claims would be considered either by the Oregon Court of Appeals or the Oregon Supreme Court. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (petitioner must have presented his federal claim to the state court in a procedural context in which the claims' merits will be considered). As a result, I find petitioner failed to give the state courts a "full and fair opportunity" to resolve these claims. Accordingly, I find that both petitioner's due process and miscarriage of justice claims are procedurally defaulted.

However, because petitioner asserts that he is actually innocent, I will consider the merits of his miscarriage of justice claim. I note first petitioner failed to brief this issue, and second, failed to present any new reliable evidence to support his contention of actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995)(claim of actual innocence requires petitioner to "support his allegations of constitutional error

Page 5 - OPINION AND ORDER

with new reliable evidence" not presented at trial); Bousley v. United States, 523 U.S. 614, 623 (1998)("actual innocence" means factual innocence, not mere legal insufficiency).

Moreover, based on the record, petitioner's claim of actual innocence is contrary to his statements made during sentencing. At sentencing petitioner said:

> I owe the family of the victim an apology for the tragedy that happened on August 7, 2001. I didn't commit this crime just to commit it ... No matter how sorry I am ... it ain't going to change the fact ... that what I did; ... Larry was there at the wrong time; ... I feel sorry for the family because it ain't the family's problems ... what I did.

Ex. 105 at 17. The petitioner then describes a conversation with his girlfriend and references that day as "that day before I killed Larry, you know." Id. at 18. These statements directly controvert petitioner's claim of actual innocence. See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity.")(internal quotation omitted); United States v. Rivera-Ramirez, 715 F.2d 453, 458 (9th Cir. 1983) (court credited defendant's sworn statements at his plea hearing over subsequent contradictory assertions).

Accordingly, I find petitioner failed to present a colorable showing of factual innocence. See Herrera v. Collins, 506 U.S. 390, 404 (1993)("a claim of 'actual innocence' is not itself a

constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits ... [t]he fundamental miscarriage of justice exception is available 'only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.'")(quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)).  I find petitioner has failed to carry his burden regarding his miscarriage of justice claim, and therefore deny relief on that claim.

B. Ineffective Assistance of Counsel Claims

Petitioner's ineffective assistance of counsel claims are denied.  Because the court finds no merit to petitioner's ineffective assistance of counsel claims, it will not consider respondent's arguments concerning procedural default.  See 28 U.S.C. § 2254(b)(2)("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

A petitioner seeking to establish ineffective assistance of counsel must "show both a deficient performance and prejudice to the defense." United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993)(citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)).

Page 7 - OPINION AND ORDER

In the context of a guilty plea, a petitioner must show that counsel's advice regarding the consequences of the plea was not within the range of competency demanded of criminal attorneys and that, but for counsel's advice, he would not have pled guilty and insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

The PCR court made the following findings with respect to petitioner's ineffectiveness of counsel claims:

> 6. Petitioner did not offer any evidence that tended to show that petitioner acted in justifiable self-defense when he shot Larry Volk in the back of the head. Nor did petitioner offer any evidence that tended to show that petitioner was suffering from an extreme emotional disturbance at the moment when he shot Larry Volk.
>
> 7. Petitioner offered the affidavit of Cynthia Brenner, but this tended to show only that petitioner may have had a reason for being angry with James Johnson, and not Larry Volk.
>
> 8. There was other evidence in the case that tended to show that while petitioner may have been angry at Johnson, he nevertheless was in command of his senses and reasoning ability at the time of the shooting and thereafter. As an example, petitioner voluntarily decided to accompany Johnson and Volk into eastern Linn County, ostensibly on a quest for illegal drugs. In addition, petitioner waited until Johnson had driven into the Cascade foothills, i.e., the Lacomb area, before confronting Johnson and later shooting Volk. Petitioner also struggled with Johnson to retain possession of the gun and then commandeered Johnson's car. Thereafter, petitioner abandoned Johnson's car and set out on foot to find a nearby family reunion. Petitioner did find and attend the reunion, after the shooting, and then asked for and received a ride home. Each of these steps tends to substantiate that petitioner was able to control his actions and was able to take purposeful steps to accomplish his immediate objectives.

>   9. Petitioner failed to provide proof that he was so upset
>   that he reasonably was unable to control himself when he
>   shot Larry Volk.

Ex. 119 at 3-4.

The PCR court then concluded that petitioner was not denied effective assistance of counsel guaranteed by the United States Constitution and as articulated in <u>Strickland</u>.

I find that the record supports the PCR court's factual findings as stated above.  Additionally, I find that petitioner's allegations are without merit and that he has failed to satisfy either prong of the <u>Strickland</u> test.  Other than petitioner's own self-serving statement, there is no evidence that his attorney failed to investigate, develop, or advise him of potential defenses.

First, counsel's advice to enter a guilty plea falls well within the wide range of reasonable professional assistance. As a result of counsel's advice, the state dismissed the attempted murder charge, and petitioner received a determinate 300-month sentence.  Had petitioner not plead guilty, the prosecution may have obtained both a murder and an attempted murder conviction, resulting in an indeterminate life-sentence.  Counsel made a strategic choice in requesting a reduced charge of murder rather than risking the severe penalties associated with a murder and attempted murder conviction. <u>See</u> <u>Strickland</u>, 466 U.S. at 699

Page 9 - OPINION AND ORDER

(counsel's strategic choice well within the range of professionally reasonable judgments). Accordingly, counsel's recommendation that petitioner plead guilty to a reduced charge did not fall below an objective standard of reasonableness. Id. at 687-88.

Additionally, the record reflects that petitioner's counsel was regarded as a competent criminal attorney. The court, after accepting petitioner's plea as having been "knowingly, voluntarily and intelligently given, with aid of qualified counsel," remarked:

> THE COURT: I've had other cases with Mr. Peterson's representation as the defense attorney in this type of case and [he] is well-known throughout the state and so I am confident that you have not only received counsel in this matter, but you've received counsel that's highly qualified for this type of case. But let me ask you that, Mr. Davenport, do you agree with that, that Mr. Peterson has done a good job or would you want to talk to a different attorney?
>
> THE DEFENDANT: He's done a good job.

Ex. 104 at 15. Petitioner fails to present any evidence that calls counsel's competence into question.

Additionally, petitioner's assertion that counsel failed to investigate or advise him of these defenses is unsupported and, at least in part, contrary to the record. The record shows that counsel did in fact investigate the defense of extreme emotional disturbance. Petitioner's attorney gave notice of intent to introduce expert testimony of extreme emotional disturbance. Ex.

Page 10 - OPINION AND ORDER

107 at 5. In addition, petitioner testified that his counsel sent a psychologist and a psychiatrist to interview him. Ex. 115 at 55. I find that petitioner has offered no evidence to rebut the strong presumption that counsel's performance fell within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 690.

Finally, I find no evidence of prejudice. The record does not support petitioner's contention that he was willing to go to trial, and thereby risk a life sentence. Similarly, I find no support for the contention that these defenses would have succeeded at trial. See Hill, 474 U.S. at 59 ("where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial"). Consequently, I find that petitioner has failed to meet his burden to show that there was a reasonable probability that he would have insisted upon going to trial in the face of the charges and the evidence against him.

## CONCLUSION

Under the Antiterrorism and Effective Death Penalty Act, this court must defer to the decision of the post-conviction court. Petitioner's trial counsel's representation was not

Page 11 - OPINION AND ORDER

constitutionally deficient, nor did petitioner affirmatively prove actual prejudice as required by Strickland.  Petitioner's other grounds for relief are without merit as well. Therefore, petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 (doc. 1) is denied.  This case is dismissed.

IT IS SO ORDERED.

        Dated this  17   day of February 2009.


                        /s/ Ann Aiken
                         Ann Aiken
                  United States District Judge